## DONOHOE v. AULTMAN, et al.

No. 41642      February 20, 1961      127 So. 2d 395

*Kepper & Kepper, George W. Currie, George G. Currie,* Hattiesburg, for appellant.

*Pittman & King,* Hattiesburg, for appellees.

McGEHEE, C. J.

On May 1, 1959, the appellant, Ella Mae Donohoe, filed her bill of complaint in the Chancery Court of Forrest County, Mississippi, against the appellees, Clotee Aultman and her husband, Paul Aultman, to cancel their claims as clouds upon her title and to quiet and confirm her title to two certain parcels of land described by metes and bounds in her bill of complaint and described as parcel No. 1 and parcel No. 2 respectively. She alleged that she and her predecessors in title had held the title to the said parcels of land for many years, and that they had been in the adverse possession of said parcels of land for more than thirty years, and particularly for more than ten years immediately preceding the time of the filing of her bill of complaint on May 1, 1959. She alleged that the record title was patented by the U. S. Government and that the title passed through mesne conveyances from the patentee to her grandfather, L. P. Donohoe, and that her father and mother had been in the actual and adverse possession of said parcels of land from about the year 1920 and until the title was conveyed to the complainant by her father and mother about the year 1923 or 1924.

The appellees own a small residence on a lot fifty-five feet in width fronting on Katie Avenue in Hattiesburg, Mississippi, to the north and extending southward a depth of one hundred and forty-five feet. The appellees claim their title to the above-mentioned parcel of land by means of a record title and also by means of adverse possession.

There is some conflict in the surveys made for the respective parties, but the defendants claim their tract of land through a chain of title beginning with a deed of conveyance executed on July 14, 1947, by Miss Lillie Donohoe in favor of Mrs. Luena McMurray, a widow, and through a deed executed by the said Mrs. Luena McMurray on May 14, 1951, to Mrs. Edwina Lamb, and

then through a deed of conveyance from the said Mrs. Edwina Lamb on February 9, 1954, to Mrs. Clotee L. Pearson (Now Mrs. Clotee Aultman, one of the defendants.)

The pleadings and proof disclose that Miss Lillie Donohoe is a sister of L. P. Donohoe, grandfather of the complainant; that she acquired her title on the east side of the parcel of land, owned and occupied by L. P. Donohoe and his wife, from some of the Donohoe heirs, among whom were some minors, but that the narrow strip of land here in controversy is six feet in width by one hundred and forty-five feet in depth on the east side of the Donohoe property or on the west side of the Aultman property; and the testimony on behalf of the appellees tends to show that the appellees and their predecessors in title back to and including Miss Lillie Donohoe have claimed the said narrow strip of land here in controversy since July 14, 1947, when the same was acquired from Miss Lillie Donohoe. The deeds from the Donohoe heirs to the said Miss Lillie Donohoe were not introduced in evidence, nor was any record title introduced in evidence on behalf of the complainant Ella Mae Donohoe showing that she had acquired the record title to the land claimed by her, but a deraignment of her title was merely set forth in the bill of complaint, and it was not denied.

It appears that at one time the property claimed by the complainant and that claimed by the defendants Clotee Aultman and her husband Paul Aultman, all belonged to L. P. Donohoe. The proof discloses that a row of hedge was caused to be planted about 1923 or 1924 running from the north to the south by the parcel of land on which L. P. Donohoe lived, and whose son and his wife later sold to the complainant, and the parcel of land on the east side thereof which was later purchased by Mrs. Clotee Pearson, now Mrs. Clotee Aultman, one of the defendants. The proof discloses that

this hedge row several feet high did not follow a straight line from the north toward the south of the two parcels of land; that the same was about two feet from the Donohoe property at the north end of the hedge row and about eight feet from the line at the south end thereof.

The defendant, Mrs. Clotee Aultman, was introduced by the complainant as an adverse witness, and of course with the right on the part of the complainant to contradict her testimony. Finally, the complainant rested her case and the testimony was in conflict as to whether or not each of the respective parties had claimed to the hedge row as the dividing line between the properties. There was proof that Mr. Donohoe had on different occasions cut back the hedge and had mowed the strip of land between the hedge and the Donohoe house but that he was paid for this work by Mrs. Aultman. The testimony on behalf of the complainant was vague and indefinite as to the line to which she had claimed as the east line of her property. The chancellor, after the complainant had rested her case, sustained a motion by the defendants to exclude the evidence and render a decree in behalf of the defendants.

In view of the conflict in the testimony and the vague and indefinite assertions of the complainant as to her claim by adverse possession to the strip of land between the hedge row and the Donohoe house, we are not in position to say that the chancellor was manifestly wrong in holding that the testimony on behalf of the complainant was insufficient to sustain the averments of her bill of complaint. Therefore the decree of the court below dismissing the bill of complaint must be affirmed.

Affirmed.

*Arrington, Ethridge, Gillespie* and *McElroy, JJ.*, concur.